**KOLLER LAW LLC**
David M. Koller, Esq. (PA 90119)
Jordan D. Santo, Esq. (PA 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARIQ PARVEZ,**<br>**1869 Hollandale Drive**<br>**Bensalem, PA 1983**<br>**Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **Complaint and Jury Demand** |
| **OCEAN FIRST BANK N.A. d/b/a**<br>**OCEAN FIRST BANK,**<br>**1500 Market Street**<br>**Philadelphia, PA 19102**<br><br>**766 Shrewsbury Avenue**<br>**Eatontown, NJ 07724**<br>**Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Tariq Parvez (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Tariq Parvez v. Ocean First Bank N.A. d/b/a Ocean First Bank (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as amended, the Pennsylvania Human Relations Act ("PHRA"), the New Jersey Law Against Discrimination ("NJLAD") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Ocean First Bank N.A. d/b/a Ocean First Bank is a financial services company with a location at 1500 Market Street, Philadelphia, PA 19102 and with corporate headquarters located at 766 Shrewsbury Avenue, Eatontown, NJ 07724.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, PHRA, the NJLAD and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and religious discrimination against Defendant.

14. The Charge was assigned a Charge Number 524-2025-01041 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 1, 2025; it was issued on Request and Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA and PFPO claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

**PLAINTIFF'S EMPLOYMENT HISTORY**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is of Middle Eastern Race/Ethnicity and Muslim.

21. On or about May 15, 2020, Defendant hired Plaintiff in the position of Vice President Branch Manager III.

22. Plaintiff was well qualified for his position and performed well.

23. In or around July 2024, Defendant assigned Veronica Morey (Caucasian, non-Muslim), SVP Director of Retail Banking, to supervise Plaintiff.

24. Upon information and belief, Plaintiff was Defendant's only Middle Eastern and/or Islamic employee in or around the County of Philadelphia except for another individual whom Plaintiff recommended Defendant hire in a different department in or around November 2024.

**TWO (2) COWORKERS COMPLAINED ABOUT PLAINTIFF'S PRAYER RUG**

25. In or around July 2024, Jessica Valles (Caucasian, non-Muslim), Senior Human Resources Business Partner, and an individual from marketing (name unknown),

mentioned to Cordell Crawley, Universal Banker and Plaintiff's Alternate, that they had an issue with Plaintiff's prayer rug being in his office because of its religious nature.

26. Upon information and belief, Defendant did not similarly ask Plaintiff's non-Muslim counterparts to remove any items which could be construed as religious in nature from their offices.

**MOREY QUESTIONED PLAINTIFF REGARDING HIS RACE/ETHNICITY AND/OR HIS RELIGIOUS BELIEFS**

27. During Plaintiff's employment, he became aware of comments being made about Plaintiff's race/ethnicity and/or religious beliefs.

28. By way of example and not limitation, coworkers questioned Plaintiff about where his family was from and where Plaintiff would go on vacation.

29. Morey asked Plaintiff a lot of questions about his background, where in the Middle East Plaintiff was from, and why and where he traveled internationally.

30. Additionally, Morey would question Plaintiff going to the mosque for an hour on Fridays and appeared to have an issue with it.

31. Many of these questions were asked of Plaintiff when he and Morey were both in Defendant's Vineland, NJ location.

**MOREY SCRUTINIZED PLAINTIFF'S WORK PRODUCT AND HABITS**

32. During Plaintiff's employment, Morey questioned everything Plaintiff did in the office.

33. Plaintiff explained how he handled certain things, why he handled them that way, and how Robert Quackenbush, Plaintiff's former supervisor, approved it.

34. Despite this, Morey would come to Plaintiff every week questioning him about how he did certain things.

35. Upon information and belief, Morey did not do the same to Plaintiff's peers outside of his protected class(es).

**DEFENDANT TERMINATED PLAINTIFF**

36. On or about December 9, 2024, Morey called Plaintiff into Defendant's Vineland, New Jersey location to allegedly go over Plaintiff's annual review.

37. Morey acknowledged she had called Plaintiff into Defendant's office under false pretenses as Morey stated that Defendant reviewed his outside employment and that he had submitted a resume for a position with Defendant in New York.

38. Plaintiff acknowledged submitted said resume.

39. Morey indicated that the resume had current outside employment listed on the resume and terminated his employment with Defendant without allowing Plaintiff to explain the misunderstanding.

40. By way of further explanation, Plaintiff explained to Morey that the purportedly active outside employment listed on his resume was nothing more than a typographical error.

41. Plaintiff informed Morey that the alleged outside employment did not exist; it was nothing more than an idea Plaintiff had at one time, the company never went anywhere, never issued any payroll, paid no taxes, had not performed any services, and was not in the financial services.

42. Morey did not care to hear any of Plaintiff's explanation, stating that it did not matter, or words to that effect, and proceeded with terminating Plaintiff's employment.

43. Upon information and belief, other employees outside of Plaintiff's protected class(es) maintain outside employment, working as outside consultants as this is common practice for managers and lenders in banking.

44. Additionally, Defendant's employee handbook did not prohibit outside employment; only that other employment in the financial sector needed to be disclosed to Defendant.

45. Importantly, Plaintiff had informed Quackenbush about this company back in or around 2022.

46. At the time, Plaintiff informed Quackenbush about the company, Quackenbush looked up the company, saw that it was inactive, and told Plaintiff it was fine and not to worry about it, or words to that effect.

47. Defendant discriminated against Plaintiff on the basis of his race/ethnicity and/or religion in violation of Title VII, the PHRA, the NJLAD and the PFPO.

48. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**COUNT I – RACE/ETHNICITY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a member of protected classes in that he is Middle Eastern.

51. Plaintiff was qualified to perform the job for which he was hired.

52. Plaintiff suffered adverse job actions, including, but not limited to termination.

53. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

54. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

55. Defendant discriminated against Plaintiff on the basis of race/ethnicity.

56. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

58. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – RACE/ETHNICITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his race/ethnicity (Middle Eastern).

61. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE/ETHNICITY DISCRIMINATION**
**NEW JERSEY LAW AGAINST DISCRIMINATION**

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his race/ethnicity (Middle Eastern).

64. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RACE/ETHNICITY DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his race/ethnicity (Middle Eastern).

67. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V - RELIGIOUS DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff is a member of a protected class in that he is Muslim.

70. Plaintiff was qualified to perform the job for which he was hired.

71. Plaintiff suffered adverse job actions, including, but not limited to termination.

72. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

73. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

74. Defendant discriminated against Plaintiff on the basis of religion.

75. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment

actions that Plaintiff suffered.

76. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

77. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI - RELIGIOUS DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. Plaintiff is a member of a protected class in that he is Muslim.

80. Plaintiff was qualified to perform the job for which he was hired.

81. Plaintiff suffered adverse job actions, including, but not limited to termination.

82. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

83. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

84. Defendant discriminated against Plaintiff on the basis of religion.

85. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

86. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – RELIGIOUS DISCRIMINATION**
**NEW JERSEY LAW AGAINST DISCRIMINATION**

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his religion (Muslim).

89. As a result of Defendant's unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VIII – RELIGIOUS DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his religion (Muslim).

92. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Tariq Parvez, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA, NJLAD and the PFPO.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                        **RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: February 23, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire (PA 90119)
Jordan D. Santo, Esquire (PA 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*